UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BRIAN THOMPSON, et al                                                              PLAINTIFFS

VERSUS                                                    CIVIL ACTION NO. 1:01CV111-LG-RHW

INGALLS SHIPBUILDING, et al                                                        DEFENDANTS

## ORDER REQUIRING SEPARATE COMPLAINTS

Before the Court is Plaintiffs' complaint filed on March 21, 2001.  There are 81 individual Plaintiffs who remain joined in this cause of action, some of whom are proceeding pro se.  The Plaintiffs allege that the Defendant, their employer, discriminated against them based upon race and maintained a racially hostile work environment.  Plaintiffs' initial efforts to certify a class action were denied both by this Court and by the Fifth Circuit.

On May 22, 2006, the Court conducted a status conference to discuss pending discovery matters.  At the conference, the Court announced its intention to sever the Plaintiffs' claims into individual causes of action.  On June 30, 2006, the Court entered a [330] Show Cause Order inviting the parties to raise any objections to severance.  Plaintiffs object to the severance arguing that their due process rights were denied by the Court's actions.  Plaintiffs further argue that severance should not be done sua sponte but only pursuant to a motion to sever.  Plaintiffs also assert that under Fed. R. Civ. P. 20 and 21, their claims should not be severed because Plaintiffs have alleged a pattern or practice of racial discrimination and maintenance of hostile work environment throughout the place of employment.

Plaintiffs argument that they have been denied notice and an opportunity to be heard on the issue of severance is frivolous.  Out of concern for Plaintiffs' due process rights, the Court

entered the Show Cause Order precisely to afford Plaintiffs notice and an opportunity to be

heard.  Moreover, the Court does not agree with Plaintiffs' assertion that an order of severance

may be entered only pursuant to a motion to sever.  Nevertheless, Defendant has remedied this

alleged technical deficiency by filing a motion to sever in conjunction with its response to

Plaintiffs' objections to severance.

Turning now to the substance of Rule 20 and 21 analysis, the Court finds that the

Plaintiffs' claims should be severed.  Generally, permissive joinder of plaintiffs under Fed. R.

Civ. P. 20 is at the option of the plaintiffs, assuming that they meet the requirements set forth in

Rule 20.  *Applewhite v. Reichhold Chemicals*, 67 F.3d 571, 574 (5th Cir. 1995).  Under Rules 20

and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise

cause delay or prejudice.  *Id.*  The central purpose of Rule 20 is to promote trial convenience and

expedite the resolution of disputes, thereby eliminating unnecessary lawsuits.  *Alexander v.*

*Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000)(en banc).  The Supreme Court has

instructed lower courts to employ a liberal approach to permissive joinder of claims and parties

in the interest of judicial economy.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 724

(1966).

A party seeking joinder of claimants under Rule 20 must establish (1) a right to relief

arising out of the same transaction or occurrence, or series of transactions or occurrences, and (2)

some question of law or fact common to all persons seeking to be joined.  *See* Fed. R. Civ. P.

20(a).  The Court may consider the following factors when deciding whether claims should be

severed pursuant to Rule 21:  (1) whether the claims arise out of the same transaction or

occurrence; (2) whether the claims present some common questions of law or fact; (3) whether

settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be

avoided if severance were granted; and (5) whether different witnesses and documentary proof

are required for separate claims.  *See Morris v. Northrop Grumman Corp.*, 37 F.Supp.2d 556,

580 (S.D. N.Y. 1999).

In the context of employment discrimination, courts generally have shown a favorable

disposition to permissive joinder of plaintiffs' claims.  *See Alexander*, 207 F.3d at 1322;  *Mosley*

*v. Gen'l Motors Corp.*, 497 F.2d 1330, 1334 (8th Cir. 1974).  In *Mosley*, for example, the Eighth

Circuit held that the district court abused its discretion when it severed the joined actions of ten

plaintiffs alleging race-based employment discrimination.  497 F.2d 1330.  On the other hand,

joinder has been denied in cases where the prejudicial effects of other witnesses' alleged

discriminatory experiences outweigh their probative value where, for example, the alleged

discrimination occurs during different time periods, involves different supervisors making the

challenged decisions, or the alleged discrimination happens at geographically removed places.

*See Alexander*, 207 F.3d at 1324 (citing cases where joinder has been denied).

On February 28, 2002, this Court found that individual questions predominated over

common questions and denied Plaintiffs' attempt to certify class.  As stated by the Fifth Circuit

in *Allison v. Citgo Petroleum Corp.*, "[t]he recovery of compensatory and punitive damages in

Title VII cases requires individualized and independent proof of injury to, and a means by which

discrimination was inflicted upon, each class member."  151 F.3d 402, 419 (5th Cir. 1998).

Although Plaintiffs argue that there is an overall pattern and practice of discrimination at the

shipyard, allegations of pattern and practice do not state an independent cause of action.

*Celestine v. Petroleos de Venezuella SA*, 266 F.3d 343, 355 (5th Cir. 2001).  At the heart of each

Plaintiff's claims, are individualized allegations of discrimination in the workplace, such as denied promotions or less desirable work assignments. *See Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 324-25 (D.C. Ohio 2002) (finding joinder improper where plaintiffs alleged race-based discrimination when denied promotions); *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 516 (N.D. Ill. 2000); *Smith v. North American Rockwell Corp.*, 50 F.R.D. 515, 522-23 (N.D. Okla. 1970) (finding joinder improper despite plaintiffs' allegations of company-wide discriminatory practices).

Defendant has presented evidence to demonstrate that the shipyard is a vast facility, occupying 789 acres, and spanning several different locations. The Plaintiffs in this lawsuit work in more than 20 different departments, sought promotions or challenge promotion decisions in different physical locations in the shipyard, and challenge promotion decisions made by numerous different decision-makers. Furthermore, the Plaintiffs' experiences of discrimination and/or a hostile work environment, as recounted in their discovery responses and depositions, vary greatly from individual to individual. The very determination of whether an individual was subjected to a hostile work environment contains a subjective, as well as an objective, element. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998).

The Court has been involved in numerous discovery disputes that have erupted periodically during this litigation. These discovery disputes often have centered on the particularized proof that will be necessary for individual Plaintiffs to prove their allegations of discrimination. The Court finds that each Plaintiff has a highly individualized claim of race-based discrimination, certainly with respect to matters such as denied promotions, and that each Plaintiff's claims for damages will be highly individualized as well. Given the separate and

distinct claims of discrimination and the individualized proof necessary to support each claim,

the Court finds that joining the Plaintiffs is more likely to confuse the jury and that severance

would avoid undue prejudice.  *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296-97 (9th

Cir. 2000); *Delce v. Amtrak and Resco Holdings, Inc.*, 180 F.R.D. 316, 319 (E.D. Tex. 1998);

*Henderson v. AT&T Corp.*, 918 F.Supp. 1059, 1062 (S.D. Tex. 1996).  Most, if not all, of the

central claims of discrimination will require different witnesses and documentary proof.

Although severing the claims will result in a greater number of trials, severance will allow the

Court to better manage and resolve the individual claims of Plaintiffs.

In order to manage these cases in an effective and economical manner, the Court finds

that the claims of the individual Plaintiffs should be severed into separate causes of action, each

requiring a separate complaint.  The Court will direct the clerk of the court to assign a separate

case number for each of the Plaintiffs still remaining in the lawsuit and will require each Plaintiff

to file a separate complaint setting forth specific factual allegations in support of his or her claim.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendant's Motion to Sever is

GRANTED:

(1)     All Plaintiffs' claims in civil action no. 1:01cv111-LG-RHW shall be severed into

individual actions, one for each named Plaintiff.

(2)     The Clerk shall copy the pleadings and exhibits from 1:01cv111-LG-RHW, which

shall then be included as part of the record for each severed case.  Exhibits to

filings are part of the record but may not be accessible electronically.  All

pleadings and exhibits filed prior to the entry of this Order of severance shall be

maintained in the closed court file for the case of *Thompson, et al v. Ingalls*

5

*Shipbuilding, et al*, 1:01cv111.  Each of the previous filings will be deemed filed in the new cases as of the dates shown on the docket sheet for civil action no. 1:01cv111.

(3)    The Clerk shall assign individual civil action numbers to each of the severed cases.

(4)    Pending motions in the captioned cause are terminated by this order and shall be resubmitted as necessary, in each new case.

(5)    Within thirty (30) days of this Order, each Plaintiff shall file a separate complaint setting forth specific factual allegations regarding his or her claims of discrimination; however, the Plaintiffs will not be required to pay any additional filing fees.

(6)    The current case shall be closed upon the individual cases being severed and replaced by the new filings.

(7)    All pre-discovery disclosure of case information or other cooperative discovery devices provided for by the Uniform Local Rules of the United States District Courts of Mississippi 26.1(A) and Federal Rules of Civil Procedure 26(a)(1) which have not been previously furnished by the parties shall be disclosed pursuant to said rules.  The newly-assigned case number shall be placed upon the present complaint and other documents, and they shall serve as the original documents in each severed action.  In the event that the court finds that common questions of law or fact exist in separate cases, the court may then order that those cases be consolidated as provided in Fed. R. Civ. P. 42(a).

(8)     All scheduling order deadlines in effect in civil action no. 1:01cv111-LG-RHW

        shall carry over to the severed cases and remain in effect.

(9)     All severed cases shall remain assigned to United States District Judge Louis

        Guirola, Jr. and United States Magistrate Judge Robert H. Walker.

SO ORDERED, this the 17th day of August, 2006.

                                        s/ *Robert H. Walker*
                                        UNITED STATES MAGISTRATE JUDGE